THE STATE, EX REL. PISTILLO, APPELLANT, *v.* CITY OF SHAKER HEIGHTS ET AL., APPELLEES.

[Cite as State, ex rel. Pistillo, v. Shaker Heights (1971), 26 Ohio St. 2d 85.]

(No. 70-430—Decided April 21, 1971.)

*Messrs. Burgess, Fullmer, Parker & Steck* and *Mr. Otto Miller, III,* for appellant.

*Mr. Walter C. Kelley, Jr.,* director of law, for appellees.

*Per Curiam.* The Court of Appeals denied a writ of mandamus sought to order respondents to reinstate appellant on the payroll as a member of the police department of the city of Shaker Heights, Ohio. This decision of the Court of Appeals is before us on an appeal as of right.

On May 12, 1967, appellant was charged with neglect of duty, contrary to the Rules and Regulations of the Shaker Heights Police Department. After a hearing before the Mayor, in his capacity as Safety Director, appellant pleaded guilty to the charges.

On June 9, 1967, the Director of Public Safety suspended appellant for 30 days and further ruled that he would be reinstated to active duty only upon condition that certain examinations indicated him to be competent to perform police duties. Based on these examinations and reports it was the conclusion of the appointing authority that appellant was not qualified to perform his duties as a police officer, and that his services should be terminated. At all times appellant was represented by counsel. Appellant was discharged effective November 27, 1967, and was so officially notified.

No appeal was taken from the decision of the Mayor to the Shaker Heights Civil Service Commission, under

Civil Service Commission Rules, from either the order of suspension of June 9, 1967, or the final discharge order of November 27, 1967. The record does not reflect any violation of due process rights of relator in connection with notice or an opportunity to be heard.

Appellant was unconditionally discharged from the Shaker Heights Police Department. There is no statutory provision placing a duty upon the part of a municipality or its officials to either reinstate or to grant a "hearing" on the question of reinstatement of a discharged employee. This court, in *State, ex rel. Stanley,* v. *Cook* (1945), 146 Ohio St. 348, and *State, ex rel. Welsh,* v. *State Medical Board* (1945), 145 Ohio St. 74, has held that a writ of mandamus will not issue to command the performance of an act which is not specially enjoined by law to be performed.

Appellant complains about the overruling of a motion for a new trial in the Court of Appeals. This latter decision rested solely in the sound discretion of that court, as the trier of the facts, and is not reviewable except on an abuse of that discretion. In order to establish such an abuse there must be shown an unreasonable, arbitrary or unconscionable attitude on the part of the court. The record before us fails to disclose any such attitude on the part of the Court of Appeals.

Also, it should be noted there was a plain and adequate remedy at law available to relator by way of an appeal to the Civil Service Commission, in the course of the proceedings under scrutiny here, and for that reason a writ of mandamus may not be issued. *State, ex rel. Harris,* v. *Haynes* (1952), 157 Ohio St. 214.

Finally, as pointed out above, a writ of mandamus may issue only to enforce an act which the law specially enjoins as a duty resulting from an office, and no such duty emerges in this record.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Schneider, Herbert, Duncan, Corrigan, Stern and Leach, JJ., concur.