The State, ex rel. Tulley et al., *v.* Brown, Atty. Gen., et al.

(No. 72-196—Decided March 24, 1972.)

236

*Messrs. Graham & Dutro* and *Mr. James L. Graham,* for relators.

*Mr. William J. Brown,* attorney general, *Mr. Donald B. Leach* and *Mr. James P. Bally,* for respondents.

*Per Curiam.* At the outset, it should be noted that the parties neither raised nor argued any constitutional objections[3] to the overall concept of the Attorney General's

---

[3]Section 1g, Article II, Ohio Constitution.

statutory power of preliminary examination concerning proposed constitutional amendments under R. C. Chapter 3519. Thus, and since it is neither necessary to our resolution of the matter before us nor determinative of our jurisdiction to act, a majority of the court reaches no conclusion upon that question.

We note jurisdiction of this matter upon the basis of *State, ex rel. Riley Constr. Co.,* v. *East Liverpool Bd. of Edn.* (1967), 10 Ohio St. 2d 25, 225 N. E. 2d 246; and *State, ex rel. Foreman,* v. *Brown* (1967), 10 Ohio St. 2d 139, 226 N. E. 2d 116. The sole fact that an action is pending in an inferior court of this state does not, *ipso facto*, deprive this court of jurisdiction to hear and decide a complaint in mandamus. Further, by its own order, the Common Pleas Court of Franklin County has, in effect, withheld the exercise of its subject matter jurisdiction pending our decision.

Respondents contend that the relators are not entitled to a writ of mandamus because the pending trial court action constitutes a plain and adequate remedy in the ordinary course of the law. They orally argue that an action in mandamus could be instituted in this court after the lower court has determined all of the issues before it, and also urge that the instant relators could still file a cross-complaint in the trial court and therein seek the relief requested in the case at bar.

The "ordinary course of the law" doctrine does not comprehend that a relator in a mandamus action be obliged to follow the suicidal course of filing a cross-complaint in his opponent's different action in another court which would foreclose his own suit in mandamus. Additionally, as was conceded by respondents in oral argument, once an appeal was commenced by respondents from an adverse decision in the trial court, respondents' present argument would necessarily obtain in resistance to a complaint in mandamus being considered during the pendency of that appeal.

Mandamus lies to compel the performance of an act which is clearly enjoined by law upon a respondent. *State,*

*ex rel. Freeman,* v. *Valentine* (1971), 25 Ohio St. 2d 184, 267 N. E. 2d 594; *State, ex rel. Pistillo,* v. *Shaker Heights* (1971), 26 Ohio St. 2d 85, 269 N. E. 2d 42. Under the facts at bar, the only incumbency enjoined upon the Attorney General by R. C. Chapter 3519 is the specific duty contained in R. C. 3519.01:

"* * * If in the opinion of the Attorney General the summary is a fair and truthful statement of the proposed law, constitutional amendment, or measure to be referred, he shall so certify. * * *"

In the instant case, the Attorney General has unequivocally stated that he finds the summary in question "fair and truthful" under R. C. 3519.01 and stands ready to certify.

. We find that relators herein have met their burden in all respects concerning this writ. Requested relief involving the Secretary of State is premature.

Upon the basis stated, the writ of mandamus is allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.

SCHNEIDER and BROWN, JJ., dissent.

SCHNEIDER, J., dissenting. I would deny the writ for the reason that R. C. 3519.01, requiring a "preliminary" petition for the consideration of a summary of a proposed constitutional amendment by initiative for the purpose of including that summary on the initiative petition itself (see R. C. 3519.05), conflicts with the plain terms of Section 1g, Article II of the Ohio Constitution, which requires the initiative petition to contain the *title* and *text* of the proposed amendment and sanctions no such summary of that text.

Section 1g provides further that its provisions "shall be self-executing, except" that the General Assembly may pass laws "to facilitate their operation, but in no way *limiting or restricting* . . . such provisions. . . ." (Emphasis supplied.) I cannot help but conclude that the statu-

tory provisions for a "preliminary" petition, a summary and its approval by the Attorney General, without any time limitations placed thereon, impede and confuse rather than facilitate the precious right of initiative.

Section 1, Article II, fortifies this conclusion. It provides in no uncertain terms that the people "reserve the power . . . *independent* of the General Assembly to propose amendments to the Constitution and to adopt or reject the same at the polls." (Emphasis supplied.)

The initiative provisions in state-wide matters are self-executing and any meddling therewith by the General Assembly should be viewed with distrust unless unmistakably supportive and expeditious. See *Shryock* v. *Zanesville* (1915), 92 Ohio St. 375, at pages 384, 385.

It is true that the foregoing question was not briefed. Relators' counsel was questioned on the point from the bench in oral argument. He acceded to the question but indicated that relators had determined to follow R. C. 3519.-01 *et seq.* and were not now in a position to gainsay that determination. Respondents did not argue the point. However, this case has been decided and announced within two weeks of its commencement and time has not permitted a thorough consideration of the question. But the writ of mandamus is addressed to the sound discretion of the court and I would exercise that discretion and not allow the writ in the face of my gravest fear that to do otherwise would place my imprimatur on statutes of doubtful validity.

In view of the foregoing, it is unnecessary to reach the critical jurisdictional questions present in this case. See *Merrill* v. *Lake* (1847), 16 Ohio 373; *State, ex rel. Johnson,* v. *Indus. Comm.* (1944), 144 Ohio St. 159; *State, ex rel. Miller,* v. *Court of Common Pleas* (1949), 151 Ohio St. 397.

BROWN, J., dissenting. The complaint filed herein discloses on its face that relators have failed to state an adequate claim for relief in mandamus, and such relief should be denied.

R. C. 2731.05 provides, as follows:

"The writ of mandamus must not be issued where

there is a plain and adequate remedy in the ordinary course of the law.''

Relators have failed to meet this affirmative burden. The complaint filed herein shows that relators do have an adequate remedy at law, since the complaint shows that there is pending in the Court of Common Pleas of Franklin County (case No. 72 CV-03-653) an action involving relators as party defendants, in which action respondents herein seek an injunction against the Attorney General to prevent him from certifying the above proposed constitutional amendment to the Secretary of State.

In light of the pending action in the Court of Common Pleas, an adequate, expedient and timely remedy at law exists for relators in the form of a counterclaim filed in that court compelling certification by the Attorney General if they desired to avail themselves of that remedy. See Civ. R. 13(A), compulsory counterclaims.

I find that there is no urgent irreparable damage that may impair the constitutional rights of the voting public to act upon the proposed amendment. To the contrary, the court below should be allowed to efficiently resolve all the issues arising in the case—in one timely action—as is consistent with the well-reasoned policy of Civ. R. 13(A), *supra.*

In spite of the fact that no party has raised any question as to the constitutionality of R. C. 3519.01, it strikes me as being unconstitutional on its face, since due process of law demands that the public be allowed to rely on the wording of the actual constitutional amendment, instead of a mere summary thereof. Such a summary restricts and circumvents, rather than facilitates, the people's important right to know what they are *actually* petitioning for. Section 1g, Article II of the Ohio Constitution, provides:

''Any initiative, supplementary or referendum petition may be presented in separate parts, but each part shall contain a *full and correct copy of the title and text* of the law. * * *'' (Emphasis added.)