THE STATE, EX REL. BARREN ET AL., *v.* BROWN, ATTY. GENL.

[Cite as State, ex rel. Barren, v. Brown (1977), 51 Ohio St. 2d 169.]

(No. 77-722—Decided July 8, 1977.)

**170**

Messrs. *Vorys, Sater, Seymour & Pease, Mr. Robert E. Leach* and *Mr. Herbert R. Brown,* for relators.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for respondent.

*Per Curiam.* R. C. 3519.01 states that:

"Whoever seeks to propose a law or constitutional amendment by initiative petition or to file a referendum petition against any law, section, or item in any law shall by a written petition signed by one hundred qualified electors submit such proposed law, constitutional amendment, or measure to be referred and a summary of it to the attorney general for examination. If in the opinion of the attorney general the summary is a fair and truthful statement of the proposed law, constitutional amendment, or measure to be referred, he shall so certify. * * *''

Under this statute, the authority of the Attorney General is limited to whether the summary is fair and truthful. If he determines that it is, he is directed to so certify. The fact that respondent believes that the matters are not subject to referendum is irrelevant. It is quite clear that the issue of whether the measures sought to be referred are subject to referendum is not involved in the Attorney General's honest and impartial evaluation of whether the proposed summary is a "fair and truthful statement of the * *.* measure to be referred."

Respondent stated in his memorandum in support of his motion to dismiss that if this court determines that the provisions of Am. Sub. S. B. No. 125 do not go into immediate effect, then he will "immediately certify the petition."

Since respondent's only reason for refusing certification is that the matters may not be subject to referendum, it is implicit that, in respondent's opinion, the summary meets the requirement of being a fair and truthful statement of the matter to be referred.

This factual determination is the extent of the role and authority of the Attorney General; that determination having been made, respondent shall so certify the summary.

Section 1c, Article II of the Ohio Constitution, provides that a petition signed by six percent of the electors of the state must be filed with the Secretary of State within 90 days after any law shall have been filed by the Governor in the office of the Secretary of State. Respondent's refusal to certify the summary imposes a great hardship upon electors wishing a referendum because of the relatively short 90-day period. Such action may have the effect of denying the electors of Ohio their constitutional right to referendum.

We agree with relators that no plain and adequate remedy in the ordinary course of law is available to them. Therefore, the writ of mandamus, directing respondent to certify the summary as a fair and truthful statement of the measures sought to be referred, is allowed.*

*Writ allowed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

CELEBREZZE and LOCHER, JJ., dissent.

CELEBREZZE, J., dissenting. I would deny the writ. The legal question concerning the action of the respondent At-

---

*We emphasize that this order directing respondent to certify the summary in no way comments on the question of whether these measures are subject to referendum, which is decided by this court in *State, ex rel. Riffe,* v. *Brown* (1977), 51 Ohio St. 2d 149.

torney General is moot for the reasons expressed in the case of *State, ex rel. Riffe,* v. *Brown* (1977), 51 Ohio St. 2d 149, decided today. The majority is therefore without a justiciable issue to decide, and their apparent effort herein can charitably be described as superfluous.

In the case of *Miner* v. *Witt* (1910), 82 Ohio St. 237, this court held that when an event occurs which renders it impossible for this court to grant effectual relief, the court will not proceed to a formal judgment. This is still the law of Ohio. See, also, *Marsh* v. *Goldthorpe* (1930), 123 Ohio St. 103; *State, ex rel. Maysville Bridge Co.,* v. *Quinlan* (1931), 124 Ohio St. 658; *State, ex rel. Hawke,* v. *Weygandt* (1947), 148 Ohio St. 453; *E. W. Scripps Co.* v. *Fulton* (1955), 164 Ohio St. 261; *State, ex rel. Stefanick,* v. *Municipal Court* (1970), 21 Ohio St. 2d 102.

In *Mills* v. *Green* (1895), 159 U. S. 651, 653, the United States Supreme Court said:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which can not affect the matter in issue in the case before it. * * *"

This case was argued two days after the filing of the complaint without the benefit of an answer or an answer brief. Such action is not only contrary to court rules but lacks proper due process consideration. Obviously, the majority feels it may disregard such niceties; I, however, can not.

LOCHER, J., concurs in the foregoing dissenting opinion.