THE STATE, EX REL. MATHEIS, APPELLANT, *v.* RUSSO, CUYAHOGA COUNTY RECORDER, APPELLEE.

[Cite as State, ex rel. Matheis, *v.* Russo (1990), 50 Ohio St. 3d 204.]

(No. 89-967—Submitted February 6, 1990—Decided April 18, 1990.)

*Bernice G. Miller,* for appellant.

*John T. Corrigan,* prosecuting attorney, and *Colleen C. Cooney,* for appellee.

*Per Curiam.* For a writ of mandamus to issue, Matheis must establish that she has a clear legal right to the relief sought, that Russo is under a clear legal duty to perform the requested act, and that she has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Liberty Mills, Inc.,* v. *Locker* (1986), 22 Ohio St. 3d 102, 22 OBR 136, 488 N.E. 2d 883; R.C. 2731.05. Matheis argues that R.C. 5309.45 requires Russo to, in effect, re-register title to the Maple Heights property in her name, and that the court of appeals erred by not recognizing this duty and Matheis' right to its performance. With respect to the availability of another adequate remedy, however, Matheis makes no argument beyond an unsupported assertion that no such remedy exists.

Matheis overlooks R.C. 5309.83,

which authorizes an appeal to contest a county recorder's decision in matters related to land registration. It provides, in part:

"Any person feeling himself aggrieved by the action, finding, or decision of the county recorder, or by his refusal to act, in any matter pertaining to the first registration of land, or any subsequent transfer, or charge, lien, interest, or estate in or upon such land, or by the recorder's filing, failing, neglecting, or refusing to file any instrument, or entering or canceling or failing, neglecting, or refusing to enter or cancel any memorial or notation, or by his wrongfully doing, or by his failing, neglecting, or refusing to do any other thing required of him by sections 5309.02 to 5310.21, inclusive, of the Revised Code, may, within three days thereafter, file with the recorder a written notice of intention to appeal, and shall, within ten days thereafter, file in the court of common pleas a petition setting forth the matter complained of and making the recorder and other persons whose interest may be affected, parties defendant, who shall be notified by summons or other process as provided by law in civil actions, or by registered mail and other process as provided in cases of original registration. * * *"

The statute's appeal procedures afforded Matheis an adequate remedy for Russo's refusal to register the Maple Heights property.

The court of appeals did not discuss R.C. 5309.83 or the "no adequate remedy" element of the mandamus standard, presumably because it found that R.C. 5309.45 did not require Russo to act under the circumstances at bar. In reviewing a decision denying a writ of mandamus, however, we are to consider the action as if it had been originally filed in this court, and to decide, among other things, whether the relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph ten of the syllabus; *State, ex rel. Case,* v. *Indus. Comm.* (1985), 28 Ohio St. 3d 383, 385, 28 OBR 442, 444, 504 N.E. 2d 30, 33, at fn. 2. We find such review appropriate here, and, based on R.C. 5309.83, we hold that the standard for issuing a writ of mandamus has not been met.

The fact that an R.C. 5309.83 appeal may not now be available to Matheis due to the statute's filing deadline does not persuade us to hold otherwise. "Failure of a relator to avail himself of his legal remedy, within the period limited by the statute providing such remedy, does not confer upon him the right to the extraordinary remedy of mandamus." *State, ex rel. Bassichis,* v. *Zangerle* (1933), 126 Ohio St. 118, 184 N.E. 289, paragraph two of the syllabus; *State, ex rel. Harris,* v. *Haynes* (1952), 157 Ohio St. 214, 47 O.O. 139, 105 N.E. 2d 53, paragraph three of the syllabus. See, also, *State, ex rel. Pistillo,* v. *Shaker Heights* (1971), 26 Ohio St. 2d 85, 86, 55 O.O. 2d 134, 135, 269 N.E. 2d 42, 43 (writ of mandamus properly denied where relator had an adequate remedy by way of an appeal, but did not pursue it).

Accordingly, the judgment of the court of appeals denying the writ of mandamus is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.