THE STATE, EX REL. CITIZENS FOR FAIR TAXATION ET AL.,
*v.* BOARD OF LUCAS COUNTY COMMISSIONERS ET AL.

[Cite as *State, ex rel. Citizens for Fair Taxation, v. Lucas Cty. Bd. of Commrs.* (1992), 63 Ohio St.3d 749.]

(No. 92–489—Submitted April 14, 1992—Decided May 13, 1992.)

750

---

*Nathan & Roberts* and *R. Michael Frank,* for relators.

*Gary M. Orlow,* for respondents Board of Lucas County Commissioners and its individual members.

*Anthony G. Pizza,* Prosecuting Attorney, *Steven J. Papadimos* and *Mark E. Lupe,* for respondents Lucas County Auditor and Lucas County Board of Elections.

*Lee I. Fisher,* Attorney General, and *James C. Sauer,* for respondent Tax Commissioner.

---

*Per Curiam.*   For a writ of mandamus to issue, CFT must show that it is entitled to respondents' performance of a clear legal duty and that it has no adequate remedy in the ordinary course of law. *State, ex rel. Matheis, v. Russo* (1990), 50 Ohio St.3d 204, 553 N.E.2d 653.

CFT argues that R.C. 305.31 establishes a duty to hold a referendum on Resolution No. 91–1728 at the next primary or general election.   Respondents reply that Resolution No. 91–1728 was adopted as an R.C. 5739.026(A)(3) emergency measure and argue that R.C. 5739.026(A)(5)[2] either prohibits or

---

2.   R.C. 5739.026(A)(5) provides, in part:

"Prior to the adoption of any resolution to levy the [additional county sales] tax or to increase the rate of tax exclusively for the purpose set forth in division (A)(3) of this section [*i.e.,* to provide additional revenue for the county's general fund], the board of county commissioners shall conduct two public hearings on the resolution * * *.   The resolution shall become effective on the first day of the month specified in the resolution but not earlier than the first day of the month following expiration of sixty days from the date of its adoption, subject to a

does not authorize referenda on such measures. Respondents further argue that an emergency tax resolution adopted pursuant to R.C. 5739.026(A)(3) may be placed on the ballot in only two situations: (1) when the resolution directs the board of elections to submit the question to the county electors at the next general election pursuant to R.C. 5739.026(D)(2)(b), or (2) when an initiative petition for repeal of the resolution is filed pursuant to R.C. 5739.022.

We need not decide if R.C. 305.31 imposes the duty alleged, however, because we agree with respondents' alternative argument that CFT has an adequate remedy. See *State, ex rel. Middletown Bd. of Edn., v. Butler Cty. Budget Comm.* (1987), 31 Ohio St.3d 251, 31 OBR 455, 510 N.E.2d 383. The record shows that, on March 3, 1992, Lucas County Prosecutor Anthony G. Pizza and Lewandowski filed a declaratory judgment action against CFT and the Ohio Department of Taxation in the Lucas County Court of Common Pleas. The complaint in the action, which is apparently still pending, seeks a declaration " * * * whether an emergency permissive sales tax adopted by the Board of Commissioners of Lucas County, Ohio, under Ohio Revised Code Sections 5739.021 and 5739.026, as an emergency measure, may be submitted to a vote of the electors only pursuant to Ohio Revised Code Section 5739.022, and not submitted for a vote pursuant to Ohio Revised Code Section 305.31 or does Ohio Revised Code Section 305.31 constitute a viable and equal alternative procedure * * *."

CFT makes one argument as to why the declaratory judgment action is an inadequate remedy—that the action raises only the issue of whether the repeal of Resolution No. 91–1728 should be placed on the primary or general election ballot. We disagree. As shown by the question presented in the complaint, the applicability of R.C. 305.31 is central to the suit for declaratory relief.

It is true that the availability of declaratory relief does not always bar a writ of mandamus. *State, ex rel. Fenske, v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525, paragraph two of the syllabus (writ should not be denied due to the availability of a declaratory judgment action where the action would require ancillary relief in the nature of a mandatory

referendum as provided in sections 305.31 to 305.41 of the Revised Code, unless the resolution is adopted as an emergency measure necessary for the immediate preservation of the public peace, health, or safety, in which case it shall go into effect on the first day of the month following the expiration of thirty days from the date of notice by the board of county commissioners to the tax commissioner of its adoption. * * *

"If the tax is for more than one of the purposes set forth in division (A) of this section or is exclusively for one of the purposes set forth in division (A)(1), (2), (4), or (5) of this section, the resolution shall not go into effect unless it is approved by a majority of the electors voting on the question of the tax."

injunction to be complete). However, this rule does not apply where, as here, the declaratory judgment action has already been filed against the relators by the principal respondent, the other respondents may be joined in that action, see Civ.R. 19, and the complaint for declaratory relief reflects the principal respondent's promise to abide by the common pleas court's declaration. See *State, ex rel. O.M. Scott & Sons Co., v. Indus. Comm.* (1986), 28 Ohio St.3d 341, 344, 28 OBR 406, 409, 503 N.E.2d 1032, 1035, fn. 1, overruled on other grounds, *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175 (availability of declaratory judgment action is an appropriate basis to deny a writ of mandamus where such action will provide a complete remedy).

As CFT has an adequate remedy by way of the declaratory judgment action already pending in common pleas court, the writ of mandamus must be denied.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.