JOURNAL ENTRY AND OPINION
Victor Hartness, relator, is seeking a writ of mandamus to compel respondents, Judge Daniel Gaul and Gerald Fuerst, "to execute proper service upon him of a judgement (sic) entry rendered on January 12, 2000, in reference to State of Ohio -vs- Victor Hartness, CR-323-640." Relator alleges that the clerk of court failed to serve him with a copy of the judgment entry in his postconviction proceeding and that he has been prevented from filing a timely appeal. The state filed a motion for summary judgment[1] and, for the reasons that follow, we grant respondent's motion.
A writ of mandamus will not be issued when a relator has or had an adequate remedy in the ordinary course of law to seek the relief sought. R.C. 2731.05; State ex rel. Matheis v. Russo
(1990), 50 Ohio St.3d 204, 553 N.E.2d 653. Relator has an adequate remedy through the use of a Civ.R. 60(B)(5) motion for relief from judgment to demonstrate his alleged lack of proper service which resulted in his inability to perfect a timely appeal. State exrel. Smith v. Fuerst (Feb. 10, 2000), Cuyahoga App. No. 77325, unreported, affirmed (2000), 89 Ohio St.3d 456, 732 N.E.2d 983; see State v. Fuller (July 13, 2000), Cuyahoga App. No. 76448, unreported. Accordingly, respondent's motion for summary judgment is granted.
Writ denied. Costs assessed against relator. Clerk of court to serve notice upon all parties as provided in Civ.R. 58(B).
TERRENCE O'DONNELL, J. CONCURS
[1] The state claimed the issue was moot based upon the exhibits attached to the complaint. Relator's exhibits, however, do not demonstrate compliance with Civ.R. 58(B).