OPINION
{¶ 1} Defendant Dennis C. Payton appeals a judgment of the Municipal Court of Alliance, Stark County, Ohio, which convicted and sentenced him for one count of domestic violence in violation of R.C. 2919.25, a first degree misdemeanor. Appellant assigns a single error to the trial court:
 {¶ 2} "The Defendant was denied effective assistance of counsel as counsel failed to request that the jury be instructed on the charge of disorderly conduct, a Lesser included offense of domestic violence."
 {¶ 3} In Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, the United States Supreme Court fashioned a two-prong test to determine whether an accused was denied the effective assistance of counsel. First, the accused must show the counsel's performance was deficient, which means it falls below an objective standard of reasonable representation. Secondly, the accused must show this deficient performance was prejudicial, and deprived the accused of a fair trial. Ohio utilizes the Strickland test, see State v. Bradley (1989),42 Ohio St.3d 136. To establish prejudice, the defendant must demonstrate there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different, State v. Tibbetts,92 Ohio St.3d 146, 2001-Ohio-132. In reviewing a claim of ineffective assistance of counsel, we must presume a properly licensed attorney executes his duties in an ethical and competent manner, State v. Smith
(1985), 17 Ohio St.3d 98.
 {¶ 4} Appellant argues his counsel was ineffective because he failed to request a jury instruction on a lesser included offense, disorderly conduct.
 {¶ 5} For an offense to be a lesser included offense, certain requirements must be met. First, obviously, the lesser offense must carry a lesser penalty than the greater offense. Second, an offender cannot ever commit the greater offense without also committing the lesser offense. Thirdly, the greater offense must have an element not contained in the lesser offense. See, e.g., State v. Deem (1988), 50 Ohio St.3d 205,533 N.E.2d 294.
 {¶ 6} The elements of domestic violence as set forth in R.C.2919.25 (A) are knowingly causing or attempting to cause physical harm to a family or household member.
 {¶ 7} The elements of the offense of disorderly conduct as set forth in R.C. 2917.11 are recklessly causing inconvenience, annoyance, or alarm by engaging in fighting, or in violent turbulent behavior, or threatening harm to persons or property.
 {¶ 8} Appellant argues disorderly conduct is a lesser included offense of domestic violence because it: (1) It carries a lesser penalty than the offense of domestic violence; (2) One cannot commit domestic violence as statutorily defined without also committing disorderly conduct; (3) and an element of the greater offense of domestic violence, namely family or household member, is not required to prove the lesser included offense of disorderly conduct.
 {¶ 9} It appears appellate courts are split on the question of whether disorderly conduct is a lesser included of domestic violence, compare State v. Compton, 153 Ohio App.3d 513, 2003-Ohio-4080 and Statev. Burgess (1992), 79 Ohio App.3d 584.
 {¶ 10} We find we need not determine whether disorderly conduct is in fact a lesser included offense of domestic violence, because appellant has not demonstrated the trial court should have given an instruction to the jury regarding the lesser included offense had counsel requested it. A trial court is only required to instruct the jury regarding a lesser included offense when the evidence presented at trial would support it,State v. Thomas (1988), 40 Ohio St.3d 213.
 {¶ 11} Furthermore, even if the evidence warrants a lesser included offense instruction, a defense counsel may make a strategic trial decision not to request a jury instruction on the lesser included offense. If there is no instruction of the lesser included offense, the jury has the option of convicting on the greater offense, or returning an acquittal. Counsel may have chosen not to request the jury be given the option to convict appellant on a lesser charge.
 {¶ 12} We find appellant cannot demonstrate he was deprived of the effective assistance of counsel.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Municipal Court of Alliance, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Edwards, J. and Boggins, J., concur.