THE STATE EX REL. KILBY *v.* SUMMIT COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Kilby v. Summit Cty. Bd. of Elections,*

**133 Ohio St.3d 184, 2012-Ohio-4310.**]

*Elections—Proposed amendments to city charter—Separate ballot issues for separate amendment subjects not required by charter—Approval of ballot language—R.C. 3505.06(E) and 3501.11(V)—Proposed changes to terms of office, election, and compensation of city officers fairly described.*

(No. 2012-1515—Submitted September 19, 2012—Decided September 20, 2012.)

IN MANDAMUS AND PROHIBITION.

_____

**Per Curiam.**

**{¶ 1}** This is an expedited election case for writs of mandamus and prohibition to find Akron Ordinance No. 271-2012 to be invalid and to order two of the respondents, the Summit County Board of Elections and the secretary of state of Ohio, to reconvene forthwith and adopt ballot language that properly describes the proposed charter amendment for the November 6, 2012 general election. Because relator has not established his entitlement to the requested extraordinary relief, we deny the writs.

**Facts**

**{¶ 2}** On July 30, 2012, the council of the city of Akron enacted Ordinance No. 271-2012, which authorized and directed the submission to city electors at the November 6, 2012 general election of a proposal to amend Sections 28.2 and 53 of the Akron Charter to eliminate the cost of an extra election, to elect all council members at the same election, and to limit raises for council members and the mayor. The proposed amendment provides:

**SECTION 28.—COMPOSITION OF COUNCIL, TERMS, SALARIES AND VACANCIES.**

2. **IN ORDER TO ELIMINATE THE COSTS OF EXTRA ELECTIONS, IN NOVEMBER, 2013, EACH COUNCIL MEMBER-AT-LARGE AND EACH WARD COUNCIL MEMBER SHALL BE ELECTED FOR A TWO YEAR TERM.** Commencing with the regular Municipal election to be held in November, ~~1969~~**2015**, and thereafter ~~each Councilman at large shall be elected for a four year term~~ the term of each ~~ward~~ Council~~man~~ **MEMBER** shall be ~~two~~ **FOUR** years. The term of each Council~~man~~ **MEMBER** shall commence on the first day of January following his**/HER** election, and shall continue until his**/HER** successor is elected and qualified. The salary of members of Council shall be fixed by the Council by ordinance **AND SHALL NOT INCREASE ON A CALENDAR YEAR BASIS ANY MORE THAN PRIVATE INDUSTRY WORKERS RECEIVE AS MEASURED BY U.S. DEPARTMENT OF LABOR STATISTICS.**

**SECTION 53.—SALARY.**

The salary of the Mayor shall be fixed by ordinance **AND SHALL NOT INCREASE ON A CALENDAR YEAR BASIS ANY MORE THAN PRIVATE INDUSTRY WORKERS RECEIVE AS MEASURED BY U.S. DEPARTMENT OF LABOR STATISTICS.** At all times, the Mayor shall receive a salary higher than the salary payable to any other employee or officer of the City of Akron, excluding the Director of Public Health.

(Boldface and capitalization sic.)

{¶ 3}   Ordinance No. 271-2012 provided that the ballot language for the charter-amendment issue be substantially in the following form:

PROPOSED CHARTER AMENDMENT
CITY OF AKRON
A Majority Affirmative Vote is
Necessary for Passage

Shall Sections 28.2 and 53 of the Charter of the City of Akron be amended to eliminate the cost of an extra election, to elect all Council members to a four year term at the same election and to limit raises for members of Council and the Mayor?

YES

NO

{¶ 4}   By letter dated August 8, 2012, relator, Akron Ward 2 Councilman Bruce Kilby, submitted a written protest against the submission of the proposed charter amendment to the city's electors at the November 6, 2012 election.  Kilby is a resident and elector of Akron.  Kilby requested that the board not allow the proposed charter amendment to be submitted to the city's electors in its present form.  He noted that a previous charter amendment proposed by the city council that would have increased the terms of ward council members in Akron from two to four years had failed in a November 7, 2006 election vote.

{¶ 5}   In his protest, Kilby claimed that the ballot language proposed by Ordinance No. 271-2012 does not properly describe the proposed charter amendment and is inaccurate and misleading.  He claims that (1) the cost savings of not holding an extra election and limiting pay raises are emphasized by bold print and placement at the beginning and the end of the ballot language, and

significant charter changes increasing terms for ward council members and eliminating staggered elections are not emphasized, (2) the requested ballot language states only that it would elect all council members to a four-year term and not that at-large council members would first be elected to a two-year term, it gives no context to electors about the current terms for ward council members, and it does not state that it would increase the term from two to four years, and (3) the ballot language mixes the unrelated issues of increasing council member terms and limiting pay raises into one proposal instead of presenting them to the electorate as separate ballot issues.

{¶ 6}   On August 20, respondent Summit County Board of Elections held a hearing on Kilby's protest and considered the ballot language proposed by the Akron Council in Ordinance No. 271-2012.  On August 28, the board voted to adopt the ballot language set forth in Ordinance No. 271-2012.  On August 29, respondent Secretary of State Jon Husted approved the ballot language.

{¶ 7}   On September 6, eight days after the secretary of state's final approval of the ballot language, Kilby filed this expedited election case.  Kilby seeks writs of mandamus and prohibition finding Ordinance No. 271-2012 to be invalid and ordering respondents the board of elections and the secretary of state to reconvene forthwith and adopt ballot language that properly describes the proposed charter amendment so that the amendment may appear on the November 6 election ballot.  In the alternative, Kilby requests writs of mandamus and prohibition to compel the board of elections and the secretary of state to cause the ballots to be printed with ballot language prescribed by this court.  Kilby also named Akron as a respondent.  Respondents filed answers, and on September 19, Kilby submitted his evidence and merit brief.  Because of the imminent R.C. 3509.01(B)(1) deadline for boards of elections to have absentee ballots for eligible overseas and absent uniformed-services voters printed and ready for use, we now decide this case.

**Analysis**

*Mandamus and Prohibition*

**{¶ 8}** Kilby has established that he lacks an adequate remedy in the ordinary course of law because of the closeness of the November 6 general election. *State ex rel. Owens v. Brunner*, 125 Ohio St.3d 130, 2010-Ohio-1374, 926 N.E.2d 617, ¶ 25. For the remaining requirements, " '[i]n extraordinary actions challenging the decisions of the Secretary of State and boards of elections, the standard is whether they engaged in fraud, corruption, or abuse of discretion, or acted in clear disregard of applicable legal provisions.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 9 (mandamus), quoting *Whitman v. Hamilton Cty. Bd. of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 11 (prohibition). In the absence of any evidence or allegation of fraud or corruption on the part of the board of elections or the secretary of state, the dispositive issue is whether the board and the secretary abused their discretion or clearly disregarded applicable law by denying Kilby's protest and approving the city council's ballot language for the proposed charter amendment.

*Akron Charter, Section 34*

**{¶ 9}** Kilby first contends that the board of elections abused its discretion and clearly disregarded Section 34 of the Akron Charter because the proposed charter amendment contains more than one subject—the election of council members for two-year terms at the 2013 election and for four-year terms in 2015, the salary-raise limitations for council members, and the salary-raise limitations for the mayor.

**{¶ 10}** Akron Charter, Section 34 provides the general procedure for the Akron Council to adopt legislation, stating that the city council "shall act only by ordinance or resolution" and stating:

Each proposed ordinance or resolution shall be introduced in written or printed form and shall not contain more than one subject, which shall be clearly stated in the title; except that general appropriation ordinances may contain the various subjects and accounts for which moneys are to be appropriated and a consent agenda consisting of any number of ordinances or resolutions may be voted upon, provided that any Councilmember or the Mayor may remove an item therefrom.

**{¶ 11}** Kilby's contention that the proposed charter amendment violates Section 34 of the Akron Charter because it includes multiple subjects lacks merit. By its plain language, Section 34 applies only to ordinances and resolutions and not to proposed charter amendments.

**{¶ 12}** Moreover, any claims challenging the validity of the proposed charter amendment are premature when made before the amendment is approved by the electorate. *Compare State ex rel. DeBrosse v. Cool*, 87 Ohio St.3d 1, 6, 716 N.E.2d 1114 (1999) ("Any claims alleging the unconstitutionality or illegality of the substance of the proposed ordinance, or action to be taken pursuant to the ordinance when enacted, are premature before its approval by the electorate"); *State ex rel. Hazel v. Cuyahoga Cty. Bd. of Elections*, 80 Ohio St.3d 165, 169, 685 N.E.2d 224 (1997) (claim that proposed ordinance violates R.C. 731.19 by containing more than one subject is premature prior to the electorate approval of the ordinance).

**{¶ 13}** Nor does this case involve a provision requiring a separate vote on separate amendments. *See* Ohio Constitution, Article XVI, Section 1 (separate-vote requirement for legislatively initiated state-constitution amendments); *State ex rel. Willke v. Taft*, 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536.

{¶ 14} Finally, the ordinance itself does not violate the Section 34 requirement that each proposed ordinance or resolution not contain more than one subject. The ordinance contains one subject—the submission of the proposed charter amendment to the electorate at the November 6 election.

{¶ 15} Therefore, the board of elections did not abuse its discretion or clearly disregard Akron Charter, Section 34 by rejecting Kilby's argument.

*Ballot Language*

{¶ 16} Kilby next asserts that the board of elections and the secretary of state abused their discretion and clearly disregarded R.C. 3505.06(E) and 3501.11(V) by approving the condensed ballot language for the proposed charter amendment that was submitted by the Akron Council in Ordinance No. 271-2012.

{¶ 17} R.C. 3505.06(E) provides:

The questions and issues ballot need not contain the full text of the proposal to be voted upon. A condensed text that will properly describe the question, issue, or an amendment proposed by other than the general assembly shall be used as prepared and certified by the secretary of state for state-wide questions or issues or by the board for local questions or issues. If other than a full text is used, the full text of the proposed question, issue, or amendment together with the percentage of affirmative votes necessary for passage as required by law shall be posted in each polling place in some spot that is easily accessible to the voters.

{¶ 18} Under R.C. 3501.11(V), the board of elections must transmit approved ballot language for the local question to the secretary of state for the secretary's "final approval" of the language.

**{¶ 19}** "R.C. 3505.06 serves to inform and protect the voter and presupposes a condensed text which is fair, honest, clear and complete, and from which no essential part of the proposed amendment is omitted." *State ex rel. Minus v. Brown*, 30 Ohio St.2d 75, 81, 283 N.E.2d 131 (1972). In evaluating the propriety of ballot language for local issues like charter amendments, we have applied the same three-part test that we apply in determining the validity of ballot language for a proposed constitutional amendment:

> "First, a voter has the right to know what it is he is being asked to vote upon. *State, ex rel. Burton, v. Greater Portsmouth Growth Corp.* (1966), 7 Ohio St.2d 34, 37 [218 N.E.2d 446]. Second, use of language which is 'in the nature of a persuasive argument in favor of or against the issue * * *' is prohibited. *Beck v. Cincinnati* (1955), 162 Ohio St. 473, 475 [124 N.E.2d 120]. And, third, 'the determinative issue * * * is whether the cumulative effect of these technical defects [in ballot language] is harmless or fatal to the validity of the ballot.' *State, ex rel. Williams, v. Brown* (1977), 52 Ohio St.2d 13, 19 [368 N.E.2d 838]; *State, ex rel. Commrs. of the Sinking Fund, v. Brown* (1957), 167 Ohio St. 71 [146 N.E.2d 287]."

*Jurcisin v. Cuyahoga Cty. Bd. of Elections*, 35 Ohio St.3d 137, 141, 519 N.E.2d 347 (1988) (charter amendment), quoting *State ex rel. Bailey v. Celebrezze*, 67 Ohio St.2d 516, 519, 426 N.E.2d 493 (1981) (state-constitution amendment).

**{¶ 20}** With the foregoing test providing the framework for the court's analysis, we now consider Kilby's specific claims.

**{¶ 21}** Kilby first contends that Section 2 of Ordinance No. 271-2012, which describes the language of the proposed charter amendment, is misleading

because it specifies, "In order to eliminate the costs of extra elections, in November, 2013, each Council member-at-large and each ward Council member shall be elected for a two year term." But it appears that this language is in the text of the proposed charter amendment itself rather than the approved ballot language describing it, so Kilby's first contention is premature until the amendment is adopted by the electorate. *DeBrosse*, 87 Ohio St.3d at 6, 716 N.E.2d 1114; *see also State ex rel. Citizen Action for a Livable Montgomery v. Hamilton Cty. Bd. of Elections*, 115 Ohio St.3d 437, 2007-Ohio-5379, 875 N.E.2d 902, ¶ 43.

{¶ 22} Kilby next contends that the ballot language approved by the board of elections and the secretary of state is a "sales pitch" and "electioneering," which amounts to a "persuasive argument in favor of the proposed charter amendment." But Kilby does not suggest that the ballot language, which states, "Shall Sections 28.2 and 53 of the Charter of the City of Akron be amended to eliminate the cost of an extra election, to elect all Council members to a four year term at the same election and to limit raises for members of Council and Mayor," is inaccurate. In fact, the proposed amendment *would* eliminate the cost of an extra election, ultimately result in the election of all council members to four-year terms at the same election, and limit raises for the mayor and council members. This ballot language is distinguishable from the statement of mere unauthorized speculation in the ballot language that the court held to be defective in *Beck*, 162 Ohio St. 473, 124 N.E.2d 120, at paragraphs two and three of the syllabus. The language at issue in *Beck* was "argumentative, misleading and coercive" because it stated that if a tax levy passed, there would be no city income tax in two upcoming years. *See Commrs. of Sinking Fund*, 167 Ohio St. at 74, 146 N.E.2d 287, distinguishing the ballot language found to be invalid in *Beck*.

{¶ 23} Kilby next contends that "the reference to saving money in the year 2013 is false because there would be no savings of money until the year

2017, in which year there would be no municipal election." The approved ballot language, however, states only that the proposed charter amendment would "eliminate the costs of an extra election" and does not specify that this savings would occur in 2013 rather than at some future date. Again, if Kilby is attacking the substantive text of the proposed amendment, his challenge must await the passage of the amendment. *DeBrosse*, 87 Ohio St.3d at 6, 716 N.E.2d 1114.

{¶ 24} Kilby further contends that the ballot language is misleading because it does not state that the election for mayor will be held concurrently with the election of council members in 2015, that the terms of at-large council members would be changed from four years to two years beginning in 2014 and through 2016, after which they would again be four-year terms, and that there will no longer be staggered terms. He also claims that the effect of these changes would be to prevent any incumbent at-large council member who now serves a staggered term from running against the mayor at subsequent elections without losing the security of the council seat. These omissions from the ballot language are immaterial, however, because the critical substance of the proposed charter amendment—the ultimate elimination of the cost of extra elections by electing all council members to four-year terms at the same election—is sufficiently detailed in the approved ballot. "Additional language may have made the summary more complete as to some aspects of the charter amendment, but would also have defeated the purpose of the summary in providing a clear, concise description of the amendment to the voters." *Jurcisin*, 35 Ohio St.3d at 142, 519 N.E.2d 347. The ballot language "expressly and fairly represents the meaning and substance of the proposed amendment." *Id.* The omissions in the condensed ballot language here will not be misleading to the average voter.

{¶ 25} Finally, Kilby contends that the cumulative effect of the defects in the ballot language is fatal to the validity of the ballot. But he has established no defect in the ballot language.

**{¶ 26}** Therefore, the board of elections and the secretary of state did not abuse their discretion or clearly disregard applicable law by rejecting Kilby's argument concerning the approved ballot language. The ballot language for the proposed charter amendment approved by the board of elections and the secretary of state properly describes the amendment.

### Conclusion

**{¶ 27}** Kilby did not establish by the requisite clear and convincing evidence that he is entitled to the requested extraordinary relief in mandamus and prohibition. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 13 (applying clear-and-convincing standard of proof in expedited election case for writ of mandamus). Therefore, we deny the writs.

Writs denied.

PFEIFER, ACTING C.J., and HANDWORK, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

PETER M. HANDWORK, J., of the Sixth Appellate District, sitting for O'CONNOR, C.J.

_____

John L. Wolfe, for relator.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Mary Ann Kovach, Chief Counsel, for respondent Summit County Board of Elections.

Michael DeWine, Attorney General, and Damian W. Sikora and Sarah E. Pierce, Assistant Attorneys General, for respondent Secretary of State Jon Husted.

Cheri B. Cunningham, Akron Director of Law, and John Christopher Reece and Michael J. Defibaugh, Assistant Directors of Law, for respondent city of Akron.

_____