[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Beard v. Hardin,* Slip Opinion No. 2018-Ohio-1286.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1286

THE STATE EX REL. BEARD ET AL. *v.* HARDIN ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Beard v. Hardin,* Slip Opinion No. 2018-Ohio-1286.]**

*Mandamus—Writ of mandamus sought to compel city council and county board of elections to place proposed charter amendment on the ballot—City council did not have a clear legal duty to submit the proposal to the board of elections—Proposal violated Columbus City Charter 42-2(d), which states that the proposal to be submitted may not address multiple or unrelated subject matters—Board of elections did not have a clear legal duty to place a proposed charter amendment on the ballot when city council had not passed an ordinance approving the placement of the amendment on the ballot—Writs denied.*

(No. 2018-0335—Submitted March 26, 2018—Decided April 4, 2018.)

IN MANDAMUS.

_____

**KENNEDY, J.**

{¶ 1} In this expedited election case, relators, Jonathan C. Beard and a committee in support of an initiative petition, Everyday People for Positive Change, seek a writ of mandamus to compel respondent members of the Columbus City Council to approve an ordinance placing a proposed city-charter amendment on the May 8, 2018 ballot. Relators also seek to compel respondent Franklin County Board of Elections to place the proposed amendment on the ballot. We deny the writs as to all respondents.

## I. Case Background

{¶ 2} In May 2017, Beard submitted to the Columbus city clerk a certified copy of a petition for an initiative that would amend 11 sections of the Columbus City Charter. He was acting on behalf of Everyday People for Positive Change, the petition committee organized to support the proposed ballot measure.

{¶ 3} The petition's title states its objectives, in general terms:

> To enact electoral system and related administrative changes to Columbus City Council by amending Sections 3, 4, 5, 6, 14, 17, 18, 20, 22, 41, and 46 of the Charter to create ten city council districts, establish nomination requirements for candidates from districts, provide for election of council members from districts, reduce the number of council members elected at-large to three, regulate growth in council staffing, change the process for mid-term appointments to vacant council seats, create term limits, establish contribution limits for council elections, and provide public access television for council elections.

The proposed changes would increase the size of city council (from 7 to 13 members); introduce district representation for 10 of the seats; impose term limits;

establish new rules for filling vacancies on council; establish new eligibility requirements for members; limit the number of staff employed by council; and introduce rules for city-council campaigns, including contribution limits and guaranteed time on public-access television.

{¶ 4} The city attorney reviewed the petition in May 2017, as required by Columbus Charter 42-5. In a memorandum to the city clerk and council members, the city attorney stated his opinion that the petition violates the one-proposal rule, which provides that "[a] petition may only contain one proposal, which shall not address multiple or unrelated subject matters." Columbus Charter 42-2(d). Relators knew of the city attorney's concerns in May 2017, as shown in a letter dated May 16, 2017, in which their attorney expressed his disagreement with the city attorney's determination.

{¶ 5} Relators circulated the petition for signatures, and on February 6, 2018, Beard filed signed part-petitions with the city clerk. The Franklin County Board of Elections validated a sufficient number of signatures for the proposal to be placed on the May 8 ballot.

{¶ 6} On February 26, as required by Columbus Charter 42-9, the city attorney advised the city clerk and the city council on the legal sufficiency of the petition. In this memorandum, the city attorney again stated his opinion that the "petition violates the single-subject requirement." Based on his conclusion that the petition is not legally sufficient, the city attorney told the council that it could "reject forwarding these proposed amendments to the City Charter to the Board of Elections for voter consideration." The same day, the council passed an ordinance providing that the proposed charter amendment would not be placed on the May 8 ballot.

{¶ 7} Relators filed this original action for a writ of mandamus on March 5.

**II. Argument of the Parties Regarding Issuance of the Writs of Mandamus**

{¶ 8} Relators argue, relying on jurisprudence interpreting the one-subject rule in Article II, Section 15(D), of the Ohio Constitution, that the proposed charter amendments do not violate the one-proposal rule, because the provisions all share a "common purpose, which is the comprehensive improvement of Columbus City Council." Respondent members of the city council argue that we need not reach the merits of relators' claim, because it is barred under the doctrine of laches. Respondents also assert that this court should not follow the constitutional-one-subject-rule jurisprudence, because the one-subject rule "is not applicable" here. The council members argue that the proposed amendment fails because it contains "disjointed and unrelated topics and subjects." Respondent Franklin County Board of Elections argues that it carried out its legal obligation and duty by certifying the signatures on the petitions pursuant to the statutory framework governing charter-amendment initiatives and that it cannot place the issue on the ballot without city council acting first.

**III. Relators' Motions**

*A. Motion for leave to file an amended complaint*

{¶ 9} Relators moved for leave to amend their complaint to add as relators five additional members of Everyday People for Positive Change. This request is governed by Civ.R. 15(A), which provides that leave to amend shall be freely given "when justice so requires." *See Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 7. Given the policy favoring the amendment of pleadings, and because the amended complaint does not change the substantive issues in this case or delay its resolution, we grant the motion. *See State ex rel. Hackworth v. Hughes*, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 26-27.

### *B. Motions for leave to file amended affidavits*

{¶ 10} In their brief, the council members argue that we should deny the writs because the affidavit supporting relators' complaint does not comply with S.Ct.Prac.R. 12.02(B)(2), which requires an affidavit supporting an original-action complaint to "be made on personal knowledge, setting forth facts admissible in evidence, and showing affirmatively that the affiant is competent to testify to all matters stated in the affidavit." As the council members point out, we have "routinely dismissed original actions, other than habeas corpus, that were not supported by an affidavit expressly stating that the facts in the complaint were based on the affiant's personal knowledge." *Hackworth* at ¶ 24. "An affidavit that is made 'to the best of' an affiant's 'personal knowledge and information' does not satisfy S.Ct.Prac.R. 12.02(B)(2), because that type of statement does not make clear 'which allegations are based on personal knowledge and which allegations are based simply on information.' " *State ex rel. Simonetti v. Summit Cty. Bd. of Elections*, 151 Ohio St.3d 50, 2017-Ohio-8115, 85 N.E.3d 728, ¶ 11, quoting *State ex rel. Commt. for the Charter Amendment for an Elected Law Dir. v. Bay Village*, 115 Ohio St.3d 400, 2007-Ohio-5380, 875 N.E.2d 574, ¶ 13.

{¶ 11} In the affidavit filed with the complaint in this case, Beard said, "The statements that I make in this Affidavit are based upon my personal knowledge *or upon information that I believe to be true*." (Emphasis added.) Because the affidavit is qualified in this way, it does not comply with S.Ct.Prac.R. 12.02(B)(2). In addition, an affidavit made by Beard that was submitted by relators as evidence fails to comply with S.Ct.Prac.R. 12.06 because it has the same defect.

{¶ 12} Relators filed two motions to amend and two new affidavits to address these problems. The new affidavits remove the offending language that qualifies the statements as based on information that Beard "believe[s] to be true"; therefore, they comply with S.Ct.Prac.R. 12.02(B)(2) and 12.06. But they also include other, relatively minor changes. Most notably, they state, "All the electors

who signed the petition reside in Franklin County, Ohio. None of the electors who signed the petition reside in Delaware County, Ohio or in Fairfield County, Ohio." It will become evident later that these substantive changes are not material to our analysis.

{¶ 13} We ordinarily allow relators an opportunity to cure noncompliance with the personal-knowledge requirement. *See State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections*, 144 Ohio St.3d 239, 2015-Ohio-3761, 41 N.E.3d 1229, ¶ 14. Therefore, because the other changes to the affidavits are immaterial, we grant the motions related to Beard's affidavits. Now that that defect has been cured, we reject the council members' argument that the writ should be denied for noncompliance with S.Ct.Prac.R. 12.02(B)(2).

## IV. Law and Analysis

### *A. Laches*

{¶ 14} We have applied laches in elections cases, which require relators to act with "[e]xtreme diligence and promptness." *State ex rel. Ryant Commt. v. Lorain Cty. Bd. of Elections*, 86 Ohio St.3d 107, 113, 712 N.E.2d 696 (1999). "The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995).

{¶ 15} In claiming laches, the council members emphasize that the city attorney first opined that the proposed amendment violates the one-proposal rule in May 2017, soon after relators filed their precirculated petition with the city clerk. They say that relators delayed in challenging the city's determination by nearly ten months. We reject this argument because the council members fail to identify what action relators could have taken before now.

{¶ 16} The two most obvious possible causes of action—mandamus and declaratory judgment—would have been unavailable to relators in May 2017. For

6

a mandamus claim to succeed, a relator must have a clear legal right to, and the respondent must have a clear legal duty to provide, the relief requested. *State ex rel. Linnabary v. Husted*, 138 Ohio St.3d 535, 2014-Ohio-1417, 8 N.E.3d 940, ¶ 13. Relators' desired outcome here is for the proposed charter amendment to be placed on the ballot, and the city council's role toward that end is to pass an ordinance. *See* Columbus Charter 42-11. But the council clearly had no duty to provide that relief back in May 2017, before the petition had even been circulated. Indeed, Columbus's process does not even require the city clerk, the city attorney, or the city council to approve the form of a petition before it may be circulated for signatures. Because the city attorney's May 2017 opinion did not prevent relators from taking the next step in the petition process, a mandamus action would have been both unnecessary and ineffective at that time.

{¶ 17} Our holding in *State ex rel. Barren v. Brown*, 51 Ohio St.2d 169, 365 N.E.2d 887 (1977), which the council members cite in their brief, does not require us to change our conclusion. That case involved the attorney general's decision not to certify ballot language for a referendum petition under R.C. 3519.01. *Id*. at 169-170. Unlike the council in this case, the attorney general had a clear legal duty, arising under the statute, to certify the ballot language. No city official had a clear legal duty to approve the form of relators' petition in May 2017.

{¶ 18} Relators could not have brought a valid declaratory-judgment action based on the city attorney's legal determination. A declaratory-judgment action requires, among other things, the existence of a real controversy between adverse parties. *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146, 148-149, 586 N.E.2d 80 (1992). The parties here are relators on one side and the city council—the legislative body empowered to place the proposed charter amendment on the ballot, *see* Columbus Charter 45-1—and the board of elections on the other. In May 2017, the council did not take a position on the sufficiency of relators' petition; only the city attorney had done that. And the city attorney merely *advised* the council

concerning his opinion about the petition. Nothing in the record shows that the council—a political body consisting of seven members—would later accept the city attorney's advice and reject the petition once signatures were gathered. Therefore, in May 2017, there was no clear or real controversy between the adverse parties in this action.

{¶ 19} Relators are correct in their argument that their first opportunity to assert their rights arose when the city council passed an ordinance rejecting the petition to place the proposed charter amendments on the ballot on February 26. The council members do not argue that the lapse of time between that event and the filing of this action—just seven days—was unreasonable. We hold, therefore, that relators' claim is not barred under the doctrine of laches.

## B. Charter amendments

{¶ 20} A municipality may adopt a charter for local self-government upon approval of its electors. Ohio Constitution, Article XVIII, Sections 7 and 8. Once adopted, a charter may be amended only with the electors' approval. Ohio Constitution, Article XVIII, Section 9. One way for a proposed charter amendment to reach the ballot is for at least 10 percent of the electors who voted in the most recent general municipal election to sign a petition calling for submission of the proposal. Ohio Constitution, Article XVIII, Sections 9 and 14. When a sufficient number of electors sign the petition, the municipality's legislative authority, by ordinance, shall submit the proposal to the electorate. Ohio Constitution, Article XVIII, Sections 8 and 9.

{¶ 21} Columbus's charter prescribes additional rules for proposing a charter amendment by petition. *See Morris v. Macedonia City Council*, 71 Ohio St.3d 52, 55, 641 N.E.2d 1075 (1994) ("Procedures may be added to the constitutional amendment process if the additions do not conflict with the Ohio Constitution"). One of those rules—that "[a] petition may only contain one proposal, which shall not

8

address multiple or unrelated subject matters or questions of law," Columbus Charter 42-2(d)—is central to this case.

{¶ 22} Columbus's process for initiating a proposed amendment by petition begins with the formation of a "petition committee," consisting of five electors, that "represent[s] the petitioners in all matters relating to" the petition. Columbus Charter 42-3. Before circulating a petition for signatures, the petition committee must file a certified copy of the petition with the city clerk. Columbus Charter 42-4. The city clerk must "forward the certified copy of the petition forthwith to the city attorney and the members of council," at which point "[t]he city attorney shall determine if the petition addresses a single subject and meets the requirements as to form." Columbus Charter 42-5. The city attorney is required to report his findings to the city clerk and the members of council, *id*., but the charter does not require the city clerk, the city attorney, or the council to approve the form of the petition before it may be circulated for signatures.

{¶ 23} Once signatures have been obtained, the part-petitions must be filed with the city clerk. Columbus Charter 42-7. The city clerk forwards the petition to the elections authority for validation of signatures and to the city attorney "to advise on the legal sufficiency of the petition, based upon any applicable local, state or federal laws, rules or regulations." Columbus Charter 42-9. When the city clerk receives the elections authority's report and the city attorney's findings, she must forward them to the city council. *Id*. The council then, by ordinance, must either approve or reject the petition to place the proposed charter amendment on the ballot. Columbus Charter 42-11, 45, and 45-1.

*1. Claim against the council members*

{¶ 24} To prevail in this mandamus case, relators must prove, by clear and convincing evidence, that they have a clear legal right to have their proposed charter amendment placed on the May 8 ballot, that the council members are under a clear legal duty to provide that relief, and that relators have no adequate remedy in the

ordinary course of the law. *Linnabary*, 138 Ohio St.3d 535, 2014-Ohio-1417, 8 N.E.3d 940, at ¶ 13. Given the proximity of the May 8 election, relators lack an adequate remedy in the ordinary course of the law. *State ex rel. Greene v. Montgomery Cty. Bd. of Elections*, 121 Ohio St.3d 631, 2009-Ohio-1716, 907 N.E.2d 300, ¶ 10.

{¶ 25} The city charter provides that "[p]roposed amendments to this charter shall be submitted by the council forthwith upon a petition signed by electors of the city equal to not less than ten percent of the total vote cast at the last preceding regular municipal election." Columbus Charter 45. It further provides:

> Upon receipt of the report regarding the validation of signatures, the city clerk shall read a summary of the same into the record. The council shall forthwith determine the sufficiency of the petition. Should the council find such petition sufficient, it shall forthwith by ordinance provide for the submission of such proposed charter amendment to a vote of the electors of the city.

Columbus Charter 45-1. Therefore, the council's legal duty to approve the petition to place the proposed charter amendments on the ballot is clear, but the duty arises only if it finds that relators' petition is "sufficient."

{¶ 26} The city council found that the petition was not sufficient for one reason—because it violates the one-proposal rule for amending the charter amendment by petition. Columbus Charter 42-2(d) provides: "A petition may only contain one proposal, which shall not address multiple or unrelated subject matters * * *." Based on the arguments presented by the parties, the only question before us is whether council correctly determined that the proposed charter amendment addresses multiple or unrelated subject matters.

**{¶ 27}** "In construing charter provisions, we apply 'general laws regarding statutory interpretation, including construing charter language according to its ordinary and common usage.' " *State ex rel. Paluch v. Zita*, 141 Ohio St.3d 123, 2014-Ohio-4529, 22 N.E.3d 1050, ¶ 21, quoting *State ex rel. Commt. for Proposed Ordinance to Repeal Ordinance No. 146–02, W. End Blight Designation v. Lakewood*, 100 Ohio St.3d 252, 2003-Ohio-5771, 798 N.E.2d 362, ¶ 19. When "the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation [because an] unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus.

**{¶ 28}** This case presents a straightforward application of the rules of construction to the Columbus City Charter. A "proposal" may be "something put forward for consideration or acceptance." *Webster's Third New International Dictionary* 1819 (2002). Here, however, the word "proposal" does not stand alone; it is modified by the clause "shall not address multiple or unrelated subject matters." Columbus Charter 42-2(d).

**{¶ 29}** "Subject matter" is defined as "[t]he issue presented for consideration." *Black's Law Dictionary* 1652 (10th Ed.2014). And the phrase "subject matter" is modified in the disjunctive by the words "multiple" and "unrelated." Columbus Charter 42-2(d). The common meaning of multiple is more than one. "Unrelated" can be defined as "discrete, disjoined, [or] separate." *Webster's Third New International Dictionary* 2507 (2002).

**{¶ 30}** The title of relators' proposed city-charter amendment begins, "To enact electoral system and related administrative changes to Cols. City Council * * *." The 11 proposed amendments address three distinct "subject matters," including changing council's composition as a body (i.e., adding seats and introducing districts), changing its administrative support (i.e., staffing limits), and changing its selection (i.e., campaign finance and public-access television).

**{¶ 31}** The proposed charter amendments are related to the number of members serving on the city council, and whether those members represent the city at large or by district relate to the composition of the council as a body. However, these provisions, which change the composition of the council body, are not related to a limit on the number of employees hired by the council, because the employees do not serve as members of the council. Similarly, campaign reforms—namely, campaign-contribution limits and broadcast time on public-access TV during a campaign—affect candidates for the council, not the composition of the council body or the council employees. Moreover, campaign reforms may also affect candidates for the city council who will never be elected to serve on the council body, so these provisions do not relate to the composition of the council body or the council's employees. Therefore, construing the plain and unambiguous language of the charter, the proposed city-charter amendments are "multiple" and "unrelated." Columbus Charter 42-2(d).

**{¶ 32}** Contrary to relators' arguments that the proposed city-charter amendments satisfy Columbus Charter 42-2(d) because they "have a commonality or unity of purpose," the language of the Columbus City Charter requires that a proposal "shall not address multiple or unrelated subject matters or questions of law." Columbus Charter 42-2(d). To accept relators' argument, this court would have to ignore or replace the coordinating conjunction "or" in the phrase "multiple or unrelated subject matters." *Id.* However, "[i]n matters of construction, it is the duty of this court to give effect to the words used, *not to delete words used or to insert words not used.*" (Emphasis added.) *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50, 524 N.E.2d 441 (1988), paragraph three of the syllabus. The word "or" in Columbus Charter 42-2(d) cannot be read as "and." The proposed city-charter amendment violates the limiting language of the one-proposal rule for two independent reasons. Therefore, relators' petition is

insufficient on two different grounds and the council had no clear legal to place relators' petition for a charter amendment on the ballot.

## 2. *Claim against the board of elections*

{¶ 33} To prevail against the board of elections, relators must prove that they have a clear legal right to have their proposed charter amendment placed on the May 8 ballot and that the board has a clear legal duty to provide that relief. *Linnabary*, 138 Ohio St.3d 535, 2014-Ohio-1417, 8 N.E.3d 940, at ¶ 13. Relators have not met their burden with respect to the board of elections, because it has no clear legal duty to place the proposed charter amendment on the ballot.

{¶ 34} The city charter required the city clerk to forward the signed petition to the board of elections for validation of signatures. Columbus Charter 42-9. It is undisputed that the board carried out its duty when it confirmed that a sufficient number of valid signatures appear on the petition. After the board notifies the city clerk of its findings, it does not have any other duties with respect to the petition unless the city council passes an ordinance approving the placement of the amendment on the ballot. *See* Columbus Charter 42-11, 45-1, and 45-2; Ohio Constitution, Article XVIII, Sections 8 and 9 (providing that proposed municipal-charter amendments shall be submitted by the municipality's legislative authority by ordinance). Because the council has not passed such an ordinance, relators have no claim against the board of elections.

{¶ 35} Finally, the council members argue that we should dismiss this case because relators did not name the Fairfield County Board of Elections and the Delaware County Board of Elections as respondents. The city of Columbus, the council members point out, extends into those counties as well. Because we reject relators' claim against the Franklin County Board of Elections, there is no need for us to address relators' alleged failure to name all necessary respondents.

## V. Conclusion

**{¶ 36}** Relators' petition is insufficient because it does not comply with the plain and unambiguous language of the one-proposal rule in Columbus Charter 42-2(d). Therefore, the Columbus city council has no clear legal duty to place relators' petition for charter amendment on the ballot. The Franklin County Board of Elections has no clear legal duty to place the proposed charter amendment on the ballot because the city council had not passed an ordinance approving the placement of the amendment on the ballot. For these reasons, the writs of mandamus are denied.

Motions granted

and writs denied.

O'DONNELL and DEGENARO, JJ., concur.

FISCHER, J., concurs in judgment only, with an opinion.

O'CONNOR, C.J., and FRENCH and DEWINE, JJ., concur in judgment in part and dissent in part, and would grant the petition in part and grant a writ of mandamus ordering the Columbus City Council to submit Relators' proposed amendment to the Columbus City Charter for a vote of the electors in the May 8, 2018 Primary Election.

_____

**FISCHER, J., concurring in judgment only.**

**{¶ 37}** Although I would employ a somewhat different analytical approach than that used in the lead opinion, I concur in the judgment denying the writs of mandamus. I write separately to note that relators Jonathan C. Beard, a member of the committee in support of an initiative petition, Everyday People for Positive Change, the committee itself, and five other members of the committee are not challenging the Columbus city council's *authority* to disapprove the petition based on the council's determination that the proposal violates the one-proposal rule. When considering a petition for a proposed charter amendment, a city council's

constitutional authority is circumscribed: its review "is limited to matters of form, not substance." *Morris v. Macedonia City Council*, 71 Ohio St.3d 52, 55, 641 N.E.2d 1075 (1994). "A city council may not engage in judicial or quasi-judicial determinations * * *." *Id.* Our prior cases have suggested that a possible violation of similar one-subject rules is a question of substance, not form. *See State ex rel. Kilby v. Summit Cty. Bd. of Elections*, 133 Ohio St.3d 184, 2012-Ohio-4310, 977 N.E.2d 590, ¶ 12; *State ex rel. Hazel v. Cuyahoga Cty. Bd. of Elections*, 80 Ohio St.3d 165, 169, 685 N.E.2d 224 (1997).

{¶ 38} Relators do not argue that council lacks the *authority* to exclude the proposal from the ballot; instead, relators simply argue that council's determination was incorrect. I write to make clear that because relators have not challenged council's authority to decide the one-proposal question, this court has not decided in this case whether council had that authority. *See Sizemore v. Smith*, 6 Ohio St.3d 330, 333, 453 N.E.2d 632 (1983), fn. 2 ("It has long been the policy of this court not to address issues not raised by the parties").

{¶ 39} I accordingly concur in judgment only.

————————————

Fitrakis & Gadell-Newton, L.L.C., and Robert J. Fitrakis, for relators.

Zach Klein, Columbus City Attorney, and Richard N. Coglianese, Joshua T. Cox, and Charles P. Campisano, Assistant City Attorneys, for respondents Shannon G. Hardin, Michael Stinziano, Elizabeth Brown, Mitchell J. Brown, Jaiza Page, Emmanuel V. Remy, and Priscilla R. Tyson.

Ronald J. O'Brien, Franklin County Prosecuting Attorney, and Harold J. Anderson III, Assistant Prosecuting Attorney, for respondent Franklin County Board of Elections.

————————————