[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Henderson v. Clermont Cty. Bd. of Elections*, Slip Opinion No. 2024-Ohio-333.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-333

THE STATE EX REL. HENDERSON *v*. CLERMONT COUNTY BOARD OF ELECTIONS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Henderson v. Clermont Cty. Bd. of Elections*, Slip Opinion No. 2024-Ohio-333.]

*Mandamus—Relator failed to comply with personal-knowledge requirement of S.Ct.Prac.R. 12.02(B)(2) in affidavit filed with petition—Cause dismissed.*

(No. 2024-0090—Submitted January 30, 2024—Decided January 31, 2024.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this expedited election matter, relator, Matthew Henderson, seeks a writ of mandamus ordering respondent, the Clermont County Board of Elections, to place his name on the March 19, 2024 primary-election ballot as a candidate for the Republican Party nomination for the office of U.S. Representative for the Second Ohio Congressional District. The board determined that Henderson's

candidate petition did not contain enough valid signatures to qualify him for placement on the ballot.

{¶ 2} Henderson subsequently filed a motion for leave to amend the affidavit that he filed with his complaint, in response to the board's contention that his affidavit does not comply with S.Ct.Prac.R. 12.02(B)(2). Because Henderson's amended affidavit does not cure all the defects of his original affidavit, we deny the motion for leave as futile and dismiss the complaint for failure to comply with S.Ct.Prac.R. 12.02(B)(2).

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Process for Becoming a Congressional Candidate

{¶ 3} Henderson seeks the Republican Party nomination for a seat in the U.S. House of Representatives representing the Second Ohio Congressional District. Ohio's second congressional district encompasses territory in 14 counties. *See* R.C. 3521.012.

{¶ 4} Under R.C. 3513.05, a person desiring to become a candidate for a party nomination for a congressional office must file a declaration of candidacy and petition no later than 4:00 p.m. on the 90th day before the day of the primary election. To be valid, the petition must contain the signatures of at least 50 qualified electors who are members of the same political party as the candidate. *Id.* When, as here, the declaration of candidacy is for a congressional district that encompasses territory in more than one county, the petition must be filed with the board of elections of the most populous county within the district. *Id.* Clermont County is the most populous county in the second congressional district. *See* Ohio Secretary of State, *County Populations and Filing Locations, Ohio Congressional Districts*, available at https://www.ohiosos.gov/elections/elections-officials/rules/#manual (accessed Jan. 30, 2024) [https://perma.cc/ZNW7-CBHU.]

{¶ 5} The board of elections with which the petition is filed shall promptly transmit to the board of each other county within the district the petition papers "as

purport to contain signatures of electors" from those counties. R.C. 3513.05. If a part-petition contains signatures of electors of more than one county, "the board shall determine the county from which the majority of signatures came, and only signatures from such county shall be counted. Signatures from any other county shall be invalid." *Id.* Each board receiving petitions "shall * * * examine and determine the validity or invalidity of the signatures on the petition papers so transmitted to or filed with it * * * and shall return to each other board all petition papers transmitted to it by such board, together with its certification of its determination as to the validity or invalidity of the signatures thereon." *Id.* Upon return of the petition papers, the board of elections of the most populous county in the district must then determine whether the petition contains enough valid signatures to qualify the candidate for placement on the primary-election ballot. *Id.*

### B. Henderson Is Not Certified for the Ballot

{¶ 6} On December 20, 2023, Henderson filed with the board a declaration of candidacy and nominating petition to run for the Republican Party nomination for the office of U.S. Representative for the Second Ohio Congressional District. Henderson's petition consisted of four part-petitions containing 63 total signatures:

- Part-petition No. 1 contains 12 signatures, with all signers purporting to be electors of Ross County.
- Part-petition No. 2 contains 23 signatures, with all signers purporting to be electors of Pickaway County.
- Part-petition No. 3 contains 24 signatures, with signers purporting to be electors of Pickaway, Pike, Ross, or Scioto Counties.
- Part-petition No. 4 contains 4 signatures, with all signers purporting to be electors of Hocking County.

{¶ 7} The board unanimously rejected Henderson's petition at its regular meeting on December 22. The board found that the "Petition for Candidate" section

had not been completed on part-petition No. 1, thus rendering it invalid in its entirety. And regarding part-petition No. 3, the board noted that it contained signatures of purported electors from four different counties, and because the most signatures came from purported electors of Pickaway County, the valid signatures from only that county would be counted and "[a]ll other signatures would be invalidated." *See* R.C. 3513.05. As a result, Henderson's petition contained fewer than the 50 valid signatures required to qualify him for placement on the primary-election ballot.

**{¶ 8}** The board declined Henderson's request that it reconsider its decision. Henderson commenced this action on January 16, 2024, requesting a writ of mandamus ordering the board to certify his name for placement on the March 19 primary-election ballot as a candidate for the Republican Party nomination for U.S. Representative of the Second Ohio Congressional District. Along with his complaint, Henderson submitted an affidavit in which he avers "upon personal knowledge or information" that the facts alleged in the complaint "are true and accurate as [he] verily believe[s]." We set an expedited schedule for the board to file an answer to the complaint and for the parties to submit evidence and merit briefs. __ Ohio St.3d __, 2024-Ohio-153, __ N.E.3d __.

**{¶ 9}** In its answer, the board denied that Henderson was entitled to relief and raised as an additional defense that Henderson's complaint was defective for failing to include an affidavit as required by S.Ct.Prac.R. 12.02(B)(2). Henderson then filed a motion for leave to amend his affidavit, which the board opposes.

## II. ANALYSIS

**{¶ 10}** A complaint for a writ of mandamus "must be * * * verified by affidavit." R.C. 2731.04. In addition, S.Ct.Prac.R. 12.02(B)(1) states that a complaint in an original action in this court "shall be supported by an affidavit specifying the details of the claim." Our rules further provide that the affidavit "shall be made on personal knowledge, setting forth facts admissible in evidence,

and showing affirmatively that the affiant is competent to testify to all matters stated in the affidavit." S.Ct.Prac.R. 12.02(B)(2).

**{¶ 11}** In this case, Henderson submitted an affidavit purporting to testify to the truth of the facts set forth in his complaint and to the authenticity of the documents attached to the complaint. The board argues that Henderson's affidavit is fatally defective for two reasons: (1) it is not properly notarized and (2) it does not satisfy the personal-knowledge requirement. Henderson filed a motion for leave to amend his original affidavit and attached a copy of his amended affidavit to both the motion for leave and his reply brief. The amended affidavit is identical to the original affidavit except that it cures the notarial defect that was in the original affidavit.[1]

**{¶ 12}** In its opposition to the motion for leave, the board acknowledges that Henderson's amended affidavit is properly notarized. However, the board argues that Henderson's motion should still be denied because the amended affidavit has not cured the other material deficiency of the original affidavit—it does not satisfy the personal-knowledge requirement under S.Ct.Prac.R. 12.02(B)(2). *See State ex rel. McDougald v. Greene*, 160 Ohio St.3d 82, 2020-Ohio-2782, 153 N.E.3d 75, ¶ 14 (court may deny motion for leave to amend when the amendment would be futile).

**{¶ 13}** Both the original and the amended affidavit state in the preamble that Henderson is testifying "upon personal knowledge *or* information." (Emphasis added.) Henderson concludes both affidavits by stating, "I have reviewed the facts set forth in the foregoing Complaint and verify that the facts are true and accurate as I verily believe."

---

1. Henderson's original affidavit was defective because it contained a notarial seal but not the signature of the notary. *See State ex rel. White v. Franklin Cty. Bd. of Elections*, 160 Ohio St.3d 1, 2020-Ohio-524, 153 N.E.3d 1, ¶ 13 (documents containing notarial stamp but not signature of notary are unsworn statements).

{¶ 14} "An affidavit that is made ' "to the best of" ' an affiant's 'personal knowledge and information' does not satisfy S.Ct.Prac.R. 12.02(B)(2), because that type of statement does not make clear 'which allegations are based on personal knowledge and which allegations are based simply on information.' " *State ex rel. Simonetti v. Summit Cty. Bd. of Elections*, 151 Ohio St.3d 50, 2017-Ohio-8115, 85 N.E.3d 728, ¶ 11, quoting *State ex rel. Commt. for the Charter Amendment for an Elected Law Dir. v. Bay Village*, 115 Ohio St.3d 400, 2007-Ohio-5380, 875 N.E.2d 574, ¶ 12-13, quoting *State ex rel. Hackworth v. Hughes*, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 24. Thus, we have held that affidavits containing similar language to that of Henderson's do not comply with S.Ct.Prac.R. 12.02(B)(2). *See, e.g.*, *Simonetti* at ¶ 12 (affidavit " 'based upon [affiant's] personal knowledge and information' " is invalid); *State ex rel. Beard v. Hardin*, 153 Ohio St.3d 571, 2018-Ohio-1286, 109 N.E.3d 1174, ¶ 11 (affidavit containing the following language, " 'statements that I make in this Affidavit are based upon my personal knowledge or upon information that I believe to be true,' " does not comply with S.Ct.Prac.R. 12.02(B)(2) [emphasis deleted]); *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections*, 144 Ohio St.3d 239, 2015-Ohio-3761, 41 N.E.3d 1229, ¶ 14 (affidavit attesting to factual allegations being true " 'to the best of [the affiant's] knowledge, information, and belief' " does not comply with S.Ct.Prac.R. 12.02(B)(2) [brackets sic]).

{¶ 15} We have declined to dismiss mandamus petitions for noncompliance with S.Ct.Prac.R. 12.02(B)(2) when the relator sought leave to cure the defective personal-knowledge language in an amended affidavit and did, in fact, cure it. *Simonetti* at ¶ 13; *Beard* at ¶ 13; *Youngstown* at ¶ 14. But in this case, while Henderson has sought leave to file an amended affidavit, he has not cured the personal-knowledge defect that is present in the original affidavit. Indeed, he has submitted an affidavit with the same defective personal-knowledge language, albeit one that has been properly notarized. Accordingly, Henderson's proposed amended

affidavit remains noncompliant with S.Ct.Prac.R. 12.02(B)(2). We therefore deny his motion for leave to amend as futile and dismiss the complaint for noncompliance with S.Ct.Prac.R. 12.02(B)(2).

{¶ 16} Because Henderson's complaint is fatally defective, we need not reach the merits of his mandamus claim.

### III. CONCLUSION

{¶ 17} We deny as futile Henderson's motion for leave to amend his affidavit and dismiss the complaint for failure to comply with S.Ct.Prac.R. 12.02(B)(2).

Cause dismissed.

KENNEDY, C.J., and FISCHER, DEWINE, STEWART, BRUNNER, and DETERS, JJ., concur.

DONNELLY, J., concurs in judgment only and would reach the merits of the case.

————————————

Matthew Henderson, pro se.

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Brian C. Shrive, Julia B. Carney, and Joseph T. Mooney, Assistant Prosecuting Attorneys, for respondent.

————————————